IRVING HERSCHCOVITZ, an Infant, by HARRY HERSCHCOVITZ, His Guardian ad Litem, and Another, Plaintiffs, *v.* JACOB KLEINMAN and Another, Defendants.

Supreme Court, New York County, February 4, 1929.

*Miller, Bretzfelder & Boardman*, for the plaintiffs.

*Isidore Faitt*, for the defendant Jacob Kleinman.

LEVY, J. Plaintiffs seek leave to enter judgment obtained against them in favor of defendants, the latter having failed to secure such entry. Defendants explain their delinquency by the failure of the clerk to allow them the costs to which they claim to be entitled, and the refusal of plaintiffs to stipulate as to the

amount demanded by them. The proper procedure is indicated in *McDonough* v. *Quinn* (201 App. Div. 833) where the court said: "The defendant cannot prevent the entry of a judgment by the plaintiff by refusing to tax his costs on appeal. The defendant will, therefore, be ordered to cause his costs to be taxed within five days * * * if said costs are not so taxed the same will be disallowed." Applying by analogy the procedure as outlined, defendants will be directed to tax costs within five days and to proceed to the entry of judgment. In default of their so doing, plaintiffs may move to enter judgment without such taxation. If defendants are aggrieved by the disposition of the taxing clerk, obviously they have ample remedy under section 1536 of the Civil Practice Act. Settle order.